

U.S. Department of Justice

United States Attorney's Office
Eastern District of Michigan

| | |
|---|---|
| Meghan S. Bean<br>Assistant United States Attorney | 211 West Fort Street, Suite 2001<br>Detroit, Michigan 48226<br>(313) 226-0214<br>Meghan.Bean@usdoj.gov |

September 16, 2025

Kelly L. Stephens, Clerk
Office of the Clerk
U.S. Court of Appeals for the Sixth Circuit
540 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, OH 45202-3988

      Re:    Rule 28(j) Letter in *United States v. Jameel Tanzil*,
                 Case No. 25-1102

Dear Ms. Stephens:

      This Court recently decided *United States v. Florence*, No. 24-3729, __ F.4th __, 2025 WL 2539022 (6th Cir. Sept. 4, 2025). There, agents obtained a search warrant for a known drug dealer's residence. *Id.* at *1. This Court affirmed the denial of the defendant's motion to suppress, and its reasoning supports reversal here.

      First, the majority reiterated that probable cause is "not a difficult standard to meet" and the reviewing court's "job is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Id.* (quotations omitted). The district court failed to apply this standard here and instead improperly reweighed probable cause. Gov. Br. 34–52.

      Second, the majority explained that it is wrong for a reviewing court to "assess[] probable cause by considering what an affidavit lacks." 2025 WL 2539022 at *2 n.1 (quoting *United States v. Sanders*,

106 F.4th 455, 463 (6th Cir. 2024) (en banc)). Here, the district court did just that. Gov. Br. 51.

Like the warrant in *Florence*, the warrant authorizing the search of Tanzil's cell phone set out a "fair probability" that his phone would contain evidence of the target gun offenses. 2025 WL 2539022 at *4. The warrant included allegations that Tanzil photographed the guns that he was suspected of stealing, sent that photograph via Snapchat, and told police that evidence in his phone would exonerate him in a fatal shooting while admitting that he was at the murder scene. This was more than sufficient to overcome the "moderate probable cause bar." *Id.* at *6 n.4; Gov. Br., 39, 48–50.

The *Florence* concurrence likewise supports reversal. *Id.* at *11–12. Judge Bloomekatz affirmed based on good faith, because the affidavit was "not bare bones." *Id.* at *12. Instead, it "detailed the investigation" into the defendant's drug dealing and established "at least a 'minimally sufficient nexus'" between his drug dealing and his residence. *Id.* The same could be said for the 74-paragraph federal warrant outlining the detailed investigation into Tanzil and connecting his gun offenses to his phone. Gov. Br. 52–59.

Respectfully submitted,

/s/ *Meghan S. Bean*
Meghan Sweeney Bean
Assistant United States Attorney

cc: Matthew A. Monahan; Michael Carter, Attorneys for Jameel Tanzil